Catron, Ch. J.
delivered the opinion of the court.
The 11th section of the act of 1829, ch. 22, provides, "That when any person may have settled on any vacant and unappropriated land, on or before the passage of this act, and may have designated his occupant claim according to the provisions of this act, it shall not be lawful for any person to settle on the samé, and should any other person settle on the same, the first occupant claimant may turn him out of possession by forcible entry and detainer, or forcible detainer, before any two justices of the peace where the land lies.”
The act of 1829 recognizes as valid all occupant surveys and entries made pursuant to the provisions of the occupant laws.
The entry fixed the boundary of the possession of Akers, and furnished prima facie evidence of a right of *450 exclusive possession in him to that extent, although he cultivated only a small part of the land entered.
Although the lands belong to the United States, and the State of Tennessee has no right or power to deal with the title thereof, yet as a matter of policy and jurisdiction, possessions of persons must be protected from obtrusion and violence, regardless of who owns the soil: this is never a subject of enquiry in cases of indictment for writs of forcible entry prosecuted by force of the British statutes, or our own. 1 Russell on Crimes, 409: Act of 1821, ch. 14, sec. 1 and 20. Were one person permitted to enter upon another by strong hand, force would be met by force, and the right of the strongest prevail, and destruction to the first end of government, the protection of the weak and peaceable against the strong and lawless, would follow. It lies not with any man to say to his neighbor, “you are a trespasser on the land of another, or that of the government, and I will turn you off.” The ready answer is, “the true owner does not object to my occupancy of his premises, and you have no right to complain; so far as you are concerned, my possession is lawful and under legal protection.”
The government has the right and power to protect possession, without reference to the character of the titles by which they are holden, and to prescribe the boundaries and limits of such possessions. Were it permitted to settle at another’s door, though, withouthis enclosure, the certainty of personal violence would be most manifest. The object of the legislature, by the writ of forcible entry and detain-er, is to- restrain violence; and it is a part of the law that the interest of society requires to be preserved, “that no one shall, with force and violence, assert even his own title.” R. vs. Wilson, 8 Term Rep. 361: 1 Russel on Crimes, 409: and such is our statute of 1821, ch. 14, sec. 1 and 20.
In opposition to this assumption, it is admitted the general law offorcibleentryisas stated, but it is contended that *451 the occupant law of 1829 intended m fact to confer title upon the trespassers on the lands of the United States lying in the District, in plain violation of the acts of Congress passed for their protection, which are the su-prerne law, and ours must give way.
This court, as a co-ordinate branch of the government, is unauthorized to inquire for the motive operating on the legislature when passing the occupant laws referred to. Our business is to ascertain if it be obligatory. If it conflicts with the law’s of the United States, we reject it as void; if not, we most enforce it. So far as its tendency is to preserve the peace of society, the sovereign power of the State is equal every where within its limits and jurisdiction, it matters not who owns the soil. The act operates on the person, not the estate; and as above remarked, it lies not with Pettyjohn to say Akers is a trespasser, and without the protection of the law. If he has violated the right of soil of the United States, it is for that power to redress the injury, not the plaintiff in error, in its behalf.
The charge of the judge, to the jury trying this cause, is, in reference to the facts proved, remarkable for its accuracy and brevity, and the verdict must be sustained.
Judgment affirmed.